## STATE ex HANITCH v TAYLOR

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3174. Decided April 29, 1940.

Mathias H. Heck, Dayton, Francis W. Durbin, Lima, and John Fontana, Columbus, for relators.

Thomas J. Herbert, Atty. Gen., Columbus; John P. Walsh and Howard Bernstein, Asst. Attorneys General, Columbus, for respondent.

## OPINION

By GEIGER, J.

The above entitled case with two others of similar import are by agreement heard together, and the decision of the court will be effective in all. The action is similar to that of No. 3168, State ex Frick v Department of Liquor Control.

The relator asserts that on the 28th of December, 1936, he was appointed by the department of liquor control to the position of inspector; that he is still the lawful incumbent; that his tenure was during good behavior; that Taylor, director of the department of liquor control has never had any criticism of his services, which were at all times satisfactory; that his name has regularly appeared on the payrolls of the department from the date of his appointment until his discharge; that his services have made his qualifications known to the department and the civil service commission; that the civil service commission has not conducted a competitive examination for the position of inspector in the various districts of Ohio and that he has filled his position because of his knowledge of the duties thereof; that more than 90 days have elapsed since his original appointment; that by virtue of his having held the position and of his efficient service, his appointment has become, and now is, a permanent appointment within the classified service of the civil service of the state of Ohio; that notwithstanding the facts recited, Taylor, director, has refused to recognize him as an incumbent for the position or to permit him to perform the duties of his position, and has attempted to and did appoint another person in the position formerly held by him intending to avoid his duty to the relator. He sets out a copy of the notice received on the 6th of March, 1939, advising him that his services were terminated, which was done without giving him any reason or time to file explanation. He prays for a writ of mandamus requiring the director to restore him to his position and permit him to perform the duties thereof.

An answer is filed, the essential allegations of which are a denial that the relator was appointed to the position in the classified civil service of the state of Ohio. The second defense asserts laches. The third defense asserts that if the relator did hold the position, such position has been abolished for the purpose of economy.

The reply denies the allegations and new matter of the answer except those which are admitted in relator's petition.

The court below on the hearing of the cause finds that the relator was duly appointed as an inspector as set forth in his petition pursuant to a noncompetitive examination; that there was not and is not an eligible list furnished by the civil service commission; that Taylor, director, discharged and terminated the service of the relator; that the relator was a provisional appointee in the classified service and the court finds that since the provisions of §486-17 or 486-17a were not complied with that the relator was not rightfully dismissed and it is ordered that the director be ordered to forthwith restore him to his position as inspector.

A motion for new trial was made and overruled and notice of appeal given.

As heretofore stated, this is much like the case, No. 3168. Instead, however, of there being a stipulation covering all matters, the bill of exceptions discloses the testimony of several witnesses. It is disclosed by the evidence that the relator was an inspector in the liquor department appointed substantially as alleged in his petition. Much of the evidence is devoted to the question as to whether or not the office of inspector properly falls within the classified service as provided by the statute, it being claimed that such position was of a fiduciary nature and did not fall within the statutes. It seems from the evidence that for all times subsequent to the first appointment when the department was originally established, appointments have been made substantially in the way alleged by the relator, the department regarding such method of appointment as either a sufficient compliance with the statute or

that the office does not fall in the classified list.

The pleadings, the evidence, and the brief of counsel indicate that there should be a brief recital of the provisions of the statute which are found in chapter a, civil service commission, from §486-1 to and including 486-31, GC. Our synopsis of these sections will be as brief as possible, without the numerical designation of any of the several statutes unless such appears necessary, and with appropriate emphasis.

**Sec. 486-1 GC, et seq.,** provides, so far as relate to this case, that the term "civil service" includes **all offices** and positions of trust or employment in the service of the state; that the term **"classified service"** signifies competitive classified civil service of the state; **"employee"** signifies any person holding a position subject to appointment, removal, promotion or reduction by an appointing officer. Appointments shall be made only **according to merit and fitness** to be ascertained as far as practicable by **competitive examination;** and **thereafter,** no person shall be appointed, suspended, reinstated or reduced as an officer in the civil service of the state in any manner than described in the act. A state civil service commission shall be appointed whose duty it shall be to prescribe and enforce administrative rules for the purpose of carrying out the provisions of the act.

**Sec. 486-8 GC** provides that the civil service shall be divided into unclassified service and the classified service. The unclassified service shall comprise certain positions which shall not be included in the classified service, which shall be exempt from examinations required by the act. Then follows an enumeration of twelve services designated as unclassified, which include unskilled labor positions such as the commission may find to be impracticable to include in the competitive classified service provided that the exemptions shall be by order of the commission duly entered on record. The **classified service shall comprise all persons in the employ of the state** not especially included in the unclassified service, to be designated as the competitive class and the unskilled labor class. The **competitive** class shall include all **positions** and employments for which it is practicable to determine the merit and fitness of the applicant by **competitive examinations.** Appointments shall be made to positions in the competitive class that are not filled by promotion, etc., by appointment from those certified to the appointing officer in accordance with the act. The unskilled labor class shall include ordinary unskilled laborers where vacancies shall be filled by appointments from **lists of applicants registered** by the commission. The commission shall require an applicant, for registration in the labor class, to furnish evidence or to take tests proper to disclose his qualifications and those who fulfill the requirement shall be placed on the eligible list for the kind of labor sought and preference shall be given in employment in accordance with the rating received from such tests. Upon the request of an appointing officer, the commission shall certify from the highest on the list double the number to be employed.

**Sec. 486-9** provides that as soon as practicable after the taking effect of the act the commission shall put into effect rules for **classification** of officers, positions and employment in the civil service. All applicants for positions and places in the **classified** service shall be subject to **examination** which shall be public and open to all within certain limitations to be determined by the commission. The commission shall have control of all examinations and reasonable notice of the time and general scope of every competitive examination to a position in the civil service shall be given.

**Sec. 486-11 GC,** provides that the commission shall require persons **applying for admission to an examination** to file with the commission formal application in which certain matters shall be stated. The commission may refuse to examine an applicant or after an examination to certify as eligible one who is found to lack certain requirements.

Sec. 486-12 GC provides that from the return of the examinations the commission shall prepare an eligible list of persons whose average standing or grade is not less than the minimum and such persons shall take rank upon the eligible list as candidates in order of their relative excellence as determined by the examination. The term of eligibility shall not be less than one year nor more than two.

Sec. 486-13 GC provides that the head of a department in which a position in the classified service is to be filled shall notify the commission of the fact and the commission, with certain exceptions, shall certify to the appointing officers the names of three candidates standing highest on the eligible list. In the event that the eligible list becomes exhausted through inadvertence or otherwise, and until a new list can be created or when no eligible list for such position exists, names may be certified from eligible lists most appropriate for the group or class. Appointments to all positions in the classified service, with certain exceptions, shall be made only from those persons whose names, are certified to the appointing officers in accordance with the provisions of the act and no employment shall be otherwise given in the classified service. The appointing officer shall notify the commission of such position to be filled and shall fill such position by appointment of one of the three persons certified to him, as provided by the act. Forthwith, upon such appointment, such appointing officer shall report to the civil service commission the name of such appointee and the title of his office. All original and promotional appointments shall be for a probationary period of not to exceed three months and no appointment shall be deemed finally made until the appointee has satisfactorily served his probationary period.

Sec. 486-14 GC provides that positions in the classified service may be filled without competition whenever there are urgent reasons for filling a vacancy in any position in the classified service and the commission is unable to certify to the appointing officer a list eligible for appointment after a competitive examination, the appointing officer may nominate a person to the commission for non-competitive examination and if such nominee shall be certified as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination, but such provisional appointment shall continue in force only until the regular appointment can be made from eligible lists prepared by the commission within 90 days thereafter. In case of an emergency, an appointment may be made without regard to the rules of the act, but in no case to continue longer than 30 days. In case of vacancy in a position where peculiar qualifications are required, the commission may suspend the provisions of the statute requiring competition, but no suspension shall be general in its application and shall be reported annually.

Sec. 486-17 provides that no person shall be reduced in pay, laid off, suspended, discharged or otherwise discriminated against by an appointing officer for certain reasons enumerated and in all cases of reduction or suspension, whether appointed for a definite term or otherwise, the appointing authority shall furnish such employee a copy of the order of layoff and his reasons for the same and give such employee a reasonable time to file an explanation. Nothing shall limit the power of an appointing officer to suspend without pay for the purposes of disciplining an employee, not exceeding 30 days, provided that the section shall not apply to temporary and exceptional appointments.

Sec. 486-17a GC provides that the tenure of every officer, in the classified service, shall be during good behavior and efficient service, but any may be removed for incompetency and other disqualifications. In case of removal the appointing authority shall furnish the employee with a copy of the order of removal and his reasons for the same and give such officer a reasonable time in which to make an explanation which shall be filed with the commission. Appeal may be had to the commission within ten days in which even'

the appeal shall be heard and the commission may affirm or modify the judgment of the appointing authority.

It will be observed that the statutes have provided a very definite scheme for the examination, selection, appointment, retention or discharge of any civil service employee; that there are no exemptions from these provisions except as especially prescribed.

There is no place in the machinery of the civil service for anybody to make any exceptions to the rules laid down by the statutes nor to say that one is or is not an employee holding a position subject to the appointment or removal except as provided by the statute.

The relator in this case recites certain matters, which he claims in his particular case exempt him from the provisions of the statute and make him, by virtue of his long and satisfactory service, "a permanent appointment within the classified service of the civil service of the state of Ohio" as alleged in his petition. He has not alleged, let alone proved, that he has taken the examination prescribed by the statute, nor that he has received his appointment through the statutory activity of his appointing officer. There is no passage of time which will supply the requirements of the statute. He has no prescriptive right to his position and no formality is required for his removal and he has no right to be restored to the position of which he has been deprived. There is no authority for the holding of the court below that the relator was duly appointed as an inspector in the liquor store at Dayton pursuant to a non-competitive examination. even though there was not and is not an eligible list furnished by the civil service commission. There is no authority to find that the relator was a provisional appointee in the classified service protected from removal by the provisions of §486-17 or §486-17a.

Within the last several years the Supreme Court has definitely passed upon these questions. It is not necessary for us to do more than cite the cases. State ex Slovensky v Taylor, 135 Oh St 602, 14 OO 532; State v Schroy, 136 Oh St 94, 16 OO 368; State ex Lagedrost v Beightler, 135 Oh St 624, 14 OO 542; State ex Stein v Department of Highways, 136 Oh St 252, 16 OO 338; State ex Lynch v Taylor, Director, 136 Oh St 417, 16 OO 577; State ex Conway v Taylor and State ex Hamilton v Sherwood, 136 Oh St 174, 16 OO 121.

Some of these cases, for the reasons appearing, lead to a decision sustaining the application for a writ of mandamus. Others, for reasons also there given, lead to a denial of the writ.

It will be observed that the Slovensky case was decided upon demurrer where the petition alleges that the relator was appointed to his position, "after taking the non-competitive examination for provisional appointment as a liquor store clerk; and that such appointment was approved by the state Civil Service Commission." The same allegation is made in the Hamilton and Conway cases, supra, and in others cited.

The Lynch case, the most recent, seems to leave nothing further to be said, where, as in this case, it does not appear that the discharged employee has ever taken a civil service examination. The court on page 420 definitely points out what must be done in order to consummate a provisional appointment. Three steps must be taken, at least two of which were not taken in this case.

The respondent in his second defense has pleaded laches and in the third defense that the position has by the removal of the relator been abolished for the purpose of economy. Neither of these defenses are necessary for the determination of the case and are not considered by us.

The difficulty seems to be in comprehending the broad provisions of the act and the purposes unquestionably sought to be accomplished. We all recognize the fact that upon a change of administration there is considerable urge to substitute new employees for old, sometimes made for the alleged purpose of economy and at other times frankly made for the purpose of provid-

ing offices for those adhering to the political party of the appointing officer. In the present cases, we have had before us probably one hundred and fifty former officers who claim the right to be restored. They have this right if they were appointed under the provisions of the statute and do not fall within the powers given to the  appointing officers to discharge employees under certain enumerated conditions, the most impressive one being where the discharges are made for a bona fide purpose of economy.

We trust that our rather lengthy opinion attracting attention to the provisions of the act may be of value in the future consideration of similar cases.

Judgment of the court below reversed and writ denied.